## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GUADALUPE PERALTA, | |
| Plaintiff, | |
| | Case No. 21-cv-3014 |
| v. | |
| RCKC CORPORATION and MCDONALD'S CORPORATION, | Jury Trial Demanded |
| Defendants. | |

## COMPLAINT

GUADALUPE PERALTA ("Peralta" or "Plaintiff"), by and through his undersigned attorney, Cass Thomas Casper, Esq., DISPARTI LAW GROUP, P.A., complains as follows against Defendants RCKC Corporation ("RCKC" or "Defendant RCKC") and McDonald's Corporation ("McDonald's" or "Defendant McDonald's") (collectively, "Defendants").

## NATURE OF THIS ACTION

1. Plaintiff PERALTA brings this action for violations of the Title VII, 42 U.S.C. § 2000e, *et seq.*, as amended (Count 1); for violations of the Illinois Human Rights Act ("IHRA") pursuant to 775 ILCS § 5/1-101 *et seq.* (Count 2); and, for violations of Cook County's Code of Ordinances based on sexual harassment and discrimination (Count 3). Plaintiff seeks all available relief, including, but not limited to, declaratory, compensatory, injunctive and equitable relief, and for reasonable attorney's fees and litigation costs.

2. During PERALTA's time at RCKC, his immediate supervisor Sandy Tewell sexually harassed him by repeatedly making personal, complimentary comments about his physical appearance that were unwelcome, by getting physically close to PERALTA's person on numerous occasions in unwelcome fashion, and by on January 6, 2021 and January 12, 2021 pressing her

breasts into his person intentionally while whispering compliments in his ear and bearhugging him from behind for, on the latter occasion, approximately 40 seconds.

3. Plaintiff reported the foregoing acts to RCKC's owner, Randy Conn, but was told that Tewell was a great manager and PERALTA's complaints were not addressed.

4. At all times relevant, for sexual harassment and discrimination purposes, McDonald's purports to require local franchisees, such as RCKC Corporation, to rout our and take action to prevent sexual harassment among its workers.

5. In fact, McDonald's does nothing to enforce sexual harassment and discrimination prevention among its franchisees, such as by requiring them to adopt fulsome anti-sexual harassment and discrimination policies with meaningful mechanisms for investigation, prevention, and enforcement.

6. For human resources' purposes in the areas of sexual harassment and discrimination prevention, RCKC Corporation has the actual and apparent authority of the franchisor, McDonald's Corporation, to address and redress acts of discrimination and sexual harassment; however, neither entity actually has meaningful mechanisms for reporting, redress, and prevention.

7. Plaintiff was subject to both (i) unwelcome quid pro quo sexual harassment in violation of Title VII, IHRA, and local ordinance, and (ii) an unwelcome severe or pervasive hostile work environment in violation of the same laws, all because of his gender and sex, male.

8. Plaintiff has suffered damages, to include lost pay, job loss, and compensatory damages to include emotional distress, and Plaintiff seeks make whole relief for all of the foregoing, in addition to reasonable attorney's fees and litigation costs as allowed by law.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction over Plaintiff's federal claims

2

pursuant to Title VII of the Civil Rights Act, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Jurisdiction lies over claims for attorney's fees herein under Title VII, IHRA, and Cook County Ordinance.

10. Venue is proper in this judicial district in accordance with 28 U.S.C. § 1391(b) and (c), as Plaintiff and all Defendants reside, are headquartered, and/or have principal places of operation in this district. Venue is proper because all events giving rise to Plaintiff's claims occurred within this district.

**PARTIES**

11. Plaintiff PERALTA is an adult Hispanic male who resides in Cook County, Illinois. At all times relevant, PERALTA was an employee of Defendant RCKC Corporation, the franchisee of the McDonald's located at 95th Street and Charles, specifically, located at 1637 West 95th Street, Chicago, Illinois 60643. PERALTA held the job title of First Assistant Manager from on or about January 1, 2021 through on or about February 11, 2021.

12. Defendant RCKC is an Illinois Corporation incorporated on August 19, 1999. According to Secretary of State File Number 60637644, Randy Conn is the President and Secretary. Defendant RCKC is the owner and operator of the McDonald's franchise where PERALTA worked located at 1637 West 95th Street in Chicago.

13. Defendant McDonald's is a Delaware Corporation doing business throughout the state of Illinois at least through hundreds of franchisees, including Defendant RCKC Corporation. According to Secretary of State File Number 17762214, Defendant McDonald's began operating in Illinois in or around December 1964, and currently maintains a principal office in Illinois at 110 North Carpenter Street, Chicago, Illinois 60607.

3

## ADMINISTRATIVE PROCEEDINGS

14. On March 5, 2021, Plaintiff filed a charge of discrimination against RCKC and McDonald's with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon his sex (male) and based upon sexual harassment in EEOC Charge Numbers 440-2021-02763 and 440-2021-02762.

15. On May 19, 2021, Plaintiff received a notice of right to sue letter on EEOC Charge Numbers 440-2021-02763 and 440-2021-02762 after the EEOC determines it could not complete processing of the charges within 180 days of filing.

16. Plaintiff's sex discrimination / sexual harassment claims are timely filed within 90 days of the receipt of the notice of right to sue letters.

17. Plaintiff subsequently notified the IDHR about the EEOC's right-to-sue letters and requested right-to-sue letters from the IDHR on the state claim, but such letters remain outstanding.

18. Plaintiff has also filed a Complaint with the Cook County Commission on Human Rights, and requested to proceed on such claims in this forum pursuant to Cook County Ordinance 42-34(d)(2). Plaintiff brings a claim for sex discrimination and harassment under Cook County Ordinance, but requests to stay it pending receipt of notice of allowance to sue from the Commission.

19. Plaintiff has satisfied all administrative prerequisites to bringing this lawsuit as to the EEOC Count, but requests a stay as to the IHRA and Cook County Ordinance counts (Counts 2 and 3) pending receipt of right-to-sue letters from those agencies.

## FACTS COMMON TO ALL COUNTS

20. During PERALTA's time at RCKC, his immediate supervisor Sandy Tewell sexually

4

harassed him by repeatedly making personal, complimentary comments about his physical appearance that were unwelcome, by getting physically close to PERALTA's person on numerous occasions in unwelcome fashion, and by on January 6, 2021 and January 12, 2021 pressing her breasts into his person intentionally while whispering compliments in his ear and bearhugging him from behind for, on the latter occasion, approximately 40 seconds.

21. Video footage captured both of the physical touching incidents on January 6 and January 12, 2021.

22. In addition, throughout his early tenure at RCKC, Tewell made an onslaught of constant, personal comments to PERALTA, including words to the effect that looked handsome and smelled good. At all times, PERALTA was extremely uncomfortable with these comments, they were unwelcome to him, and they occurred on nearly a daily basis.

23. On or about January 18, 2021, Tewell suddenly advised PERALTA that she learned he was dating a female employee at a sister McDonald's location in Chicago, which was not true, but Tewell evidently believed it was true.

24. After January 18, 2021, Tewell's attitude toward PERALTA changed dramatically, and she began treating him differently, ignoring him, avoiding him, speaking to him hostilely, and giving him or threatening to give him write-ups on three different occasions between January 18, 2021 and February 11, 2021.

25. In or about the last week of January 2021, PERALTA reported the harassing, unwelcome behavior to Defendant RCKC's owner and operator, Randy Conn, who ignored PERALTA's report and simply told him that Tewell was one of his best managers and that PERALTA had a great coach by having her as his immediate supervisor.

26. At all times relevant, too, McDonald's maintains a three write-up policy as a matter of

policy and practice, meaning that on the receipt of a third write-up, an employee is fired.

27. Because PERALTA was facing his third write-up from Tewell as of February 11, 2021 and his termination was imminent as a matter of the company policy/practice, he resigned under imminent prospect of certain termination and having no other choice.

28. Plaintiff was subject to both (i) unwelcome quid pro quo sexual harassment in violation of Title VII, IHRA, and local ordinance, and (ii) an unwelcome severe or pervasive hostile work environment in violation of the same laws, all because of his gender and sex, male.

29. With respect to McDonald's Corporation, the franchisee, RCKC Corporation, is obligated as part its franchise operations to adopt measures to prevent and redress discrimination and sexual harassment; however, neither RCKC Corporation nor McDonald's has done so in any meaningful way.

30. For human resources purposes in the areas of sexual harassment and discrimination prevention and redress, the end franchisees have the actual and apparent authority to carry out the sexual harassment and discrimination prevention and redress directives of McDonald's Corporation.

31. Plaintiff has suffered damages, to include lost pay, job loss, and compensatory damages to include emotional distress, and Plaintiff seeks make whole relief for all of the foregoing, in addition to reasonable attorney's fees and litigation costs as allowed by law.

## COUNT 1: TITLE VII VIOLATION DISCRIMINATION BASED ON SEX (MALE)
### (Plaintiff v. Defendants)

32. Plaintiff realleges and incorporates by reference Paragraphs One through 31 of this Complaint as if fully set forth herein.

33. Plaintiff is a male protected under Title VII.

34. At all times relevant, Defendant RCKC Corporation is an employer in an industry affected

6

commerce covered by Title VII in that it employs 15 or more employees for each working day in each of twenty or more calendar weeks in each calendar year.

35. At all times relevant, PERALTA was an employee of Defendant RCKC Corporation within the meaning of Title VII.

36. Defendant RCKC, through its agent and supervisor, Tewell, subjected Plaintiff to quid pro quo sexual harassment by conditioning his freedom from write-ups on his engaging in dating and/or sexual behavior with her, and conditioning his ongoing employment on him dating and/or engaging in sexual behavior with her.

37. Defendant RCKC, through its agent and supervisor, Tewell, also subjected Plaintiff to a hostile work environment based upon sex that was severe or pervasive in that Tewell physically touched Peralta in sexual / romantic manner by hugging him and pressing her breasts into his back on January 6, 2021, and by bearhugging him for nearly 40 seconds on January 12, 2021, all of which was revolting to PERALTA and extremely unwelcome.

38. Defendant RCKC, through its agent and supervisor, Tewell, also subjected Plaintiff to unwelcome sexualized and/or romantic comments about his appearance, dress, and personal hygiene, and confronted Plaintiff in the workplace about him dating an employee of another McDonald's, which Plaintiff was not.

39. The foregoing conduct lasted over a short period of time, from approximately January 1, 2021 through February 11, 2021, was concentrated, rampant, pervasive, and severe in nature given its physically humiliating nature (e.g., bearhug with other employees present), frequency, unwelcomeness, and that in the January 6 and 12, 2021 incidents Plaintiff was essentially not free to leave the physical transgressions of Defendant RCKC's supervisor, Tewell.

40. While Plaintiff performed his job consistent with Defendants' legitimate expectations,

Tewell's behavior unreasonable interfered with Plaintiff's work performance by making him dread going to work, dread being around Tewell, and making communications with Tewell extremely awkward and hostile from Tewell to Plaintiff.

41. Plaintiff reported the sexually-harassing behavior to Defendant RCKC's owner, Randy Conn, who did nothing whatsoever to address it.

42. At no time did Conn take any steps whatsoever, much less reasonable ones, to prevent further harassment of Plaintiff by Tewell, even after being informed by PERALTA of the harassing behavior.

43. At no time did Conn investigate PERALTA's complaints, much less do so thoroughly and promptly.

44. Indeed, at no time after PERALTA's report of harassment did the harassment stop as evidenced by the write-ups Tewell kept issuing PERALTA even after reporting the harassing behavior to Conn.

45. Tewell, too, constituted a *bona fide* supervisor of Plaintiff because she was at all times empowered to take tangible employment actions against Plaintiff, at least she had authority to discipline, fire, and reassign employment responsibilities.

46. The actions complained of herein resulted in PERALTA being, in effect, forced to resign and constructively discharged because Tewell had issued the third write-up that would result in PERALTA's termination.

47. As such, PERALTA suffered adverse employment actions in the form of the write-ups, the severe/pervasive hostile work environment itself, the involuntary resignation and constructive discharge, and the emotional distress.

48. With respect to McDonald's Corporation, the RCKC Corporation is the actual and apparent

8

agent of McDonald's for the purposes of carrying out McDonald's expectations of a sexual harassment and discrimination free workplace for franchise workers, but in reality McDonald's has failed to provide adequate machinery for endline workers such as Plaintiff to obtain redress for sexual harassment either at the franchisee or franchisor level.

49. McDonald's Corporation is vicariously liable for the sexually harassing actions and discrimination occurring against PERALTA at the franchise level through its failure to provide adequate and sufficient policies applicable to either Defendant for workers such as PERALTA to obtain redress for sexual harassment.

50. The actions of Defendant RCKC, through its agent and supervisor, Tewell, caused PERALTA emotional distress, to include mental anguish, humiliation, degradation, physical and emotional pain and suffering, and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, and order Defendants to pay to Plaintiff all benefits Plaintiff would have received but for the Defendant's discrimination, including pre-judgment interest; compensatory damages in an amount to be determined at trial up to $300,000; a permanent injunction enjoining Defendants from engaging in the discriminatory practices complained of herein; that this Court retain jurisdiction of this case until such time as it is assured that Defendants have remedied the policies and practices complained of herein and is determined to be in full compliance with the law; damages for actual emotional distress caused by the Defendants' actions and omissions; an award of reasonable attorneys' fees, costs, and litigation expenses as allowed by law; and, such other relief as this Court may deem just or equitable.

## COUNT 2: CIVIL RIGHTS VIOLATION FOR DISCRIMINATION BASED ON SEX WITH A REQUEST TO STAY THIS COUNT PENDING A RIGHT TO SUE LETTER FROM THE ILLINOIS HUMAN RIGHTS DEPARTMENT
### (Plaintiff v. Defendants)

51. Plaintiff realleges and incorporates by reference Paragraphs One through 31 of this Complaint as if fully set forth herein.

52. Plaintiff's Charge with the EEOC was cross-filed with the Illinois Department of Human Rights, and Plaintiff has requested a right-to-sue letter from the Department contemporaneously with the filing of this suit and requests to stay this Count pending receipt of such letter.

53. The IHRA makes it a civil rights violation for any "employer to refuse to hire, to segregate, to engage in harassment as defined in subsection (E-1) of Section 2-101, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or condition of employment on the basis of unlawful discrimination. . ." *See* 775 ILCS 5/2-102(A).

54. The IHRA defines harassment to be "any unwelcome conduct on the basis of an individual's actual or perceived. . .sex. . .that has the purpose or effect of substantially interfering with the individual's work performance or creating an intimidating, hostile, or offensive working environment." *See* 775 ILCS 5/2-101(E-1).

55. "Sexual harassment" under IHRA means any "unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when (1) submission to such conduct is made either explicitly or implicitly a term or condition of an individual's employment, (2) submission to or rejection of such conduct by an individual is used as the basis for employment decisions affecting such individual, or (3) such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." *See* 775 ILCS 5/2-101(E).

56. Plaintiff is a male protected under the IHRA.

57. At all times relevant, Defendant RCKC Corporation is an employer in Illinois covered by IHRA in that it employs 15 or more employees within Illinois during 20 or more calendar weeks within the calendar year of or preceding the violations alleged herein, being the years 2021 and 2020.

58. At all times relevant, PERALTA was an employee of Defendant RCKC Corporation within the meaning of IHRA.

59. Defendant RCKC, through its agent and supervisor, Tewell, subjected Plaintiff to quid pro quo sexual harassment by conditioning his freedom from write-ups on his engaging in dating and/or sexual behavior with her, by conditioning his ongoing employment on him dating and/or engaging in sexual behavior with her, and by making submission to such conduct by PERALTA a basis for employment decisions affecting him, including giving him write-ups, treating him in hostile fashion, and constructively discharging him on the basis of the write-ups based on the three write-up policy.

60. Defendant RCKC, through its agent and supervisor, Tewell, also subjected Plaintiff to a hostile work environment based upon sex that was severe or pervasive in that Tewell physically touched Peralta in sexual / romantic manner by hugging him and pressing her breasts into his back on January 6, 2021, and by bearhugging him for nearly 40 seconds on January 12, 2021, all of which was revolting to PERALTA and extremely unwelcome.

61. Defendant RCKC, through its agent and supervisor, Tewell, also subjected Plaintiff to unwelcome sexualized and/or romantic comments about his appearance, dress, and personal hygiene, and confronted Plaintiff in the workplace about him dating an employee of another McDonald's, which Plaintiff was not.

62. The foregoing conduct lasted over a short period of time, from approximately January 1, 2021 through February 11, 2021, was concentrated, rampant, pervasive, and severe in nature given its physically humiliating nature (e.g., bearhug with other employees present), frequency, unwelcomeness, and that in the January 6 and 12, 2021 incidents Plaintiff was essentially not free to leave the physical transgressions of Defendant RCKC's supervisor, Tewell.

63. While Plaintiff performed his job consistent with Defendants' legitimate expectations, Tewell's behavior unreasonable interfered with Plaintiff's work performance by making him dread going to work, dread being around Tewell, and making communications with Tewell extremely awkward and hostile from Tewell to Plaintiff.

64. Plaintiff reported the sexually-harassing behavior to Defendant RCKC's owner, Randy Conn, who did nothing whatsoever to address it.

65. At no time did Conn take any steps whatsoever, much less reasonable ones, to prevent further harassment of Plaintiff by Tewell, even after being informed by PERALTA of the harassing behavior.

66. At no time did Conn investigate PERALTA's complaints, much less do so thoroughly and promptly.

67. Indeed, at no time after PERALTA's report of harassment did the harassment stop as evidenced by the write-ups Tewell kept issuing PERALTA even after reporting the harassing behavior to Conn.

68. Tewell, too, constituted a *bona fide* supervisor of Plaintiff because she was at all times empowered to take tangible employment actions against Plaintiff, at least she had authority to discipline, fire, and reassign employment responsibilities.

69. The actions complained of herein resulted in PERALTA being, in effect, forced to resign

and constructively discharged because Tewell had issued the third write-up that would result in PERALTA's termination.

70. As such, PERALTA suffered adverse employment actions in the form of the write-ups, the severe/pervasive hostile work environment itself, the involuntary resignation and constructive discharge, and the emotional distress.

71. With respect to McDonald's Corporation, the RCKC Corporation is the actual and apparent agent of McDonald's for the purposes of carrying out McDonald's expectations of a sexual harassment and discrimination free workplace for franchise workers, but in reality McDonald's has failed to provide adequate machinery for endline workers such as Plaintiff to obtain redress for sexual harassment either at the franchisee or franchisor level.

72. McDonald's Corporation is vicariously liable for the sexually harassing actions and discrimination occurring against PERALTA at the franchise level through its failure to provide adequate and sufficient policies applicable to either Defendant for workers such as PERALTA to obtain redress for sexual harassment.

73. The actions of Defendant RCKC, through its agent and supervisor, Tewell, caused PERALTA emotional distress, to include mental anguish, humiliation, degradation, physical and emotional pain and suffering, and embarrassment.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, and order Defendants to pay to Plaintiff all benefits Plaintiff would have received but for the Defendant's discrimination, including pre-judgment interest; compensatory damages in an amount to be determined at trial; an award of reasonable attorneys' fees, costs, and litigation expenses as allowed by law; and, such other relief as this Court may deem just or equitable.

**COUNT 3: CIVIL RIGHTS VIOLATION PURSUANT TO SECTION 42-35(b) OF THE
COOK COUNTY CODE OF ORDINANCES BASED ON SEX DISCRIMINATION
WITH A REQUEST TO STAY THIS COUNT PENDING A RIGHT TO SUE LETTER
FROM THE COOK COUNTY COMMISSION ON HUMAN RIGHTS**
**(Plaintiff v. Defendant RCKC Corporation)**

74. Plaintiff realleges and incorporates by reference Paragraphs One through 31 of this Complaint as if fully set forth herein.

75. Plaintiff has filed a Complaint with the Cook County Commission on Human Rights, and requested a right-to-sue letter from such agency, and requests to stay this Count pending receipt of a right-to-sue letter from the Commission.

76. Section 42-34(d)(1) of the Cook County Code of Ordinances creates a private right of action for violations of, *inter alia*, Section 42-35(b) of the Cook County Code of Ordinances.

77. Section 42-35(b) of the Cook County Code of Ordinances prohibits an employer from "directly or indirectly discriminat[ing] against any individual in hiring, classification, grading, recruitment, discharge, discipline, compensation, selection for training and apprenticeship, or other term, privilege, or condition of employment on the basis of unlawful discrimination."

78. Section 42-31 prohibits unlawful discrimination on the basis of sex.

79. Plaintiff is a male protected under the Cook County Ordinance.

80. At all times relevant, Defendant RCKC Corporation employed one or more employees and has its principal place of business within Cook County, Illinois and does business in Illinois, and, therefore, is an "employer" within the meaning of the Cook County Ordinance. *See* Section 42-31, Cook County Ordinance.

81. At all times relevant, PERALTA was an employee of Defendant RCKC Corporation within the meaning of the Cook County Ordinance.

82. Defendant RCKC, through its agent and supervisor, Tewell, subjected Plaintiff to quid

pro quo sexual harassment by conditioning his freedom from write-ups on his engaging in dating and/or sexual behavior with her, by conditioning his ongoing employment on him dating and/or engaging in sexual behavior with her, and by making submission to such conduct by PERALTA a basis for employment decisions affecting him, including giving him write-ups, treating him in hostile fashion, and constructively discharging him on the basis of the write-ups based on the three write-up policy.

83. Defendant RCKC, through its agent and supervisor, Tewell, also subjected Plaintiff to a hostile work environment based upon sex that was severe or pervasive in that Tewell physically touched Peralta in sexual / romantic manner by hugging him and pressing her breasts into his back on January 6, 2021, and by bearhugging him for nearly 40 seconds on January 12, 2021, all of which was revolting to PERALTA and extremely unwelcome.

84. Defendant RCKC, through its agent and supervisor, Tewell, also subjected Plaintiff to unwelcome sexualized and/or romantic comments about his appearance, dress, and personal hygiene, and confronted Plaintiff in the workplace about him dating an employee of another McDonald's, which Plaintiff was not.

85. The foregoing conduct lasted over a short period of time, from approximately January 1, 2021 through February 11, 2021, was concentrated, rampant, pervasive, and severe in nature given its physically humiliating nature (e.g., bearhug with other employees present), frequency, unwelcomeness, and that in the January 6 and 12, 2021 incidents Plaintiff was essentially not free to leave the physical transgressions of Defendant RCKC's supervisor, Tewell.

86. While Plaintiff performed his job consistent with Defendants' legitimate expectations, Tewell's behavior unreasonable interfered with Plaintiff's work performance by making him dread going to work, dread being around Tewell, and making communications with Tewell extremely

awkward and hostile from Tewell to Plaintiff.

87. Plaintiff reported the sexually-harassing behavior to Defendant RCKC's owner, Randy Conn, who did nothing whatsoever to address it.

88. At no time did Conn take any steps whatsoever, much less reasonable ones, to prevent further harassment of Plaintiff by Tewell, even after being informed by PERALTA of the harassing behavior.

89. At no time did Conn investigate PERALTA's complaints, much less do so thoroughly and promptly.

90. Indeed, at no time after PERALTA's report of harassment did the harassment stop as evidenced by the write-ups Tewell kept issuing PERALTA even after reporting the harassing behavior to Conn.

91. Tewell, too, constituted a *bona fide* supervisor of Plaintiff because she was at all times empowered to take tangible employment actions against Plaintiff, at least she had authority to discipline, fire, and reassign employment responsibilities.

92. The actions complained of herein resulted in PERALTA being, in effect, forced to resign and constructively discharged because Tewell had issued the third write-up that would result in PERALTA's termination.

93. As such, PERALTA suffered adverse employment actions in the form of the write-ups, the severe/pervasive hostile work environment itself, the involuntary resignation and constructive discharge, and the emotional distress.

94. The actions of Defendant RCKC, through its agent and supervisor, Tewell, caused PERALTA emotional distress, to include mental anguish, humiliation, degradation, physical and emotional pain and suffering, and embarrassment.

16

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and order Defendant to pay to Plaintiff actual damages for emotional distress, anxiety, and humiliation suffered as a result of Defendant's unlawful actions, to reinstate PERALTA with back pay and fringe benefits that he was denied as a result of his constructive discharge / involuntary resignation; pay Plaintiff all costs of this suit, including reasonable attorney's fees, expert witness and witness fees, and duplicating costs, incurred in pursuing this matter; to post notices in conspicuous places pursuant to the Cook County Code of Ordinances; pay pre-judgment interest; to pay a fine of not less than $100.00 and not more than $500.00 for each offense for each day of such violations, and for such other relief as this Court deems just and proper.

## JURY DEMANDED AS TO ALL COUNTS

*Electronically filed on June 7, 2021*

Respectfully submitted,

**GUADALUPE PERALTA**

**By:**     */s/ Cass T. Casper*

One of Plaintiff's Attorney

*Cass T. Casper, Esq.* (IL 6303022)
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: (312) 351-2478
E: ccasper@dispartilaw.com

*Nicollette Haines, Esq.* (IL 6335410)
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: 312-506-5511 ext. 334
E: nicollette@dispartilaw.com

17

*Kevin Anderson, Esq.* (IL 6337846)
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601
P: 312-506-5511 ext. 333
E: kevin@dispartilaw.com